**FILED**
DISTRICT COURT OF GUAM
FEB 22 2005
MARY L.M. MORAN
CLERK OF COURT



FRANKIE T. CAMACHO #80354-011,

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

GUAM TERRITORY; GUAM DEPT.
OF CORRECTIONS; MIKE QUINATA;
Chief, Guam Parole Commission;
and GUAM TERRITORY PAROLE
COMMISSION; GIL QUINATA, Guam
Parole Commission.

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: __05-00007__
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

__x__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
         U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
         28 SECTION 1331(a) U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: FRANKIE T. CAMACHO #80354-011

   B. List all aliases: N/A

   C. Prisoner identification number: 80354-011

   D. Place of present confinement: U.S. PENITENTIARY, ATLANTA, GEORGIA, USA.

   E. Address: P.O. BOX 150160, ATLANTA, GA 30315

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: Guam Territory; Guam Department of Corrections; and Guam Parole Commission.
      Title: Entities of the Territory of Guam
      Place of Employment: n/a

   B. Defendant: Mike Quinata
      Title: Chief Commissioner, Guam Parole Commission
      Place of Employment: Guam Parole Commission/Dept. of Corrections

   C. Defendant: Gil Quinata
      Title: Guam Parole Commission Supervisor/Member
      Place of Employment: Guam Parole Commssion/Dept. of Corrections

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (x) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (x) NO ( )

C. If your answer is **YES**:

1. What steps did you take? Plaintiff exhausted all administrative steps of grievance procedure.

    ATTACHED SEE ALL GRIEVANCE DOCUMENTS EXHIBITS A THRU G

2. What was the result? Denied Relief.

3. If the grievance was not resolved to your satisfaction, did you appeal? Yes.

    What was the result (if there was no procedure for appeal, so state.)

    Relief denied on appeal.

D. If your answer is **NO**, explain why not: N/A

E. Is the grievance procedure now completed? YES (X) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )   N/A

G. If your answer is YES:

   1. What steps did you take?

      Exhausted all steps. See Exhibits A thru G

   2. What was the result?   See Exhibits attached A thru G

H. If your answer is NO, explain why not:   N/A

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court

   A. Name of case and docket number: Camacho v. Lappin, et. al.
      1:04-cv-374-cc

   B. Approximate date of filing lawsuit: 2004

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: n/a

   D. List all defendants: Harvey Lappin, Mr. James, Ron Wiley.

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): US District Court, ND Georgia

   F. Name of judge to whom case was assigned: C. Cooper

   G. Basic claim made: Denial access to Courts.

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

   H. Approximate date of disposition: Who knows ?

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

## V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Camacho is a Guam prisoner who was transferred to US Prison system under agreements with USA in 1987. Since that time Camacho has been and continues to remain in BOP custody serving his Guam sentence of thirty years. (Crimial case #31F-84). Camacho is presently housed at the USP in Atlanta, Georgia, USA.

The prison where Camacho presently resides does not have any contempory Guam law books that would allow him to access the Guam Courts for purposes of challenging his transfer, criminal conviction, sentence or the execution of sentence and denial of parole eligibility. Due to the lack of Guam law Camacho can not effectively litigate his challenge of Guam conviction by way of post-conviction remedy which lingers in Guam Superior Courts at this time. (Case# SP-0218-03 ). Nor can Camacho effectively challenge the Guam Parole Commisions failure to timely consider him for parole. Camacho was supposed to be considered for parole in January 2004, however no action has been taken by defendants to effect Camacho's entitlment to parole eligibility.

Camacho has written to defendants on numerous occasions without any response. Camacho can not get Guam addresses to properly serve his Guam post-conviction remedy on the Attorney General of Guam. Guam official (including the defendants) refuse to comply with the law or grant Camacho his Constitutional Rights related to access to the Courts and parole eligibility. Camacho has served 24 years of a 30 year Guam sentence and should have long ago been released on parole as have his co-defendants.

Defendants Mike and Gil Quinata have intentionally denied Camacho parole eligibility through their deliberate indifference to Camacho's liberty interest in parole. These defendants have repeatedly been contacted by BOP officials and Camacho's friends and family who have complained about the delay in Camacho's parole hearing and the fact that Camacho was being denied access to Guam Territory legal authority to challenge the defendants' unconstitutional actions in the Guam court system. The defendants have either refused to carry-out their respective jobs or present excuses to not complying with the law related to Camacho's parole eligibility.

Defendant's Mike and Gil Quinata are sued in both their individual and official capacities. Camacho will seek leave to amend this complaint to add the names of officials over the Guam Parole Commission and Guam Department of Corrections because Camacho does not know these officials names at this time.

The Guam Department of Corrections transferred Camacho illegally and refuse to grant Camacho return to his native land or allow him access to law books and Guam authority to challenge the Guam DOC's action in transferring and maintaining Camacho's presence in the United States.

(Cont'd from page #6)

The United States and Guam Constitutions guarantee all citizens the right to access the Courts. The defendants in this case have, and continue to, deprive plaintiff of his First Amendment Right to access the Courts by failing to make availbe to him Guam law books and other materials necessary for plaintiff to access the Courts of Guam. **Lehn v. Holmes,** 364 F.3d 862 (7th Cir. 2004)

The Plaintiff has a liberty interest in his parole eligibility date and the Guam parole guildlines asure plaintiff rights that he can not access. The defendants have been, and continue to, deprive plaintiff of his Constitutionally protected rights to be considered for parole eligibilty for release on his 30 year Guam sentence.

The U.S. and Guam Constitutions and Law guarantee Plaintiff certain rights under the transfer agreements entered into by Guam and the United States. The defendants have been, and continue to, deprive plaintiff of his right to be imprisoned in his native home and/or challenge the transfer of him to the United States.

The Guam Territory laws require public officials to do their assigned jobs and respond to inquiries from citizens regarding their public postions. Defendants Gil and Mike Quinata have used their position to retaliate against plaintiff for his complaints about defendants' failure to to their jobs which has resulted in plaintiff's delayed parole eligibility and possible release form prison.

**VI. Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. Trial by jury;
2. Discovery Process;
3. Declaratory Judgment that Plaintiff has a right to access Guam law and it is both the BOP's and Guam officials legal obligation to provide Guam Territory law books to the plaintiff in order to effect access to the Guam Courts;
4. Punitive award against defendants Gil and Mike Quinata in the amount of $10,000.00 each for intentional violation of plaintiff's constitutional rights;
5. Actual damages in the amount of $1,000,000.00 against all defendants seperately and individually for suffering and actual injury;
6. Order any other relief this Court deems just and Fair.

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __14__ day of __Feb__, 20 __05__

/s/ _Frankie T. Camacho_

(Signature of plaintiff or plaintiffs)

Frankie T. Camacho

(Print name)

80354-011

(I.D. Number)

U.S. Penitentiary
P.O. Box 150160
Atlanta, GA  30315
USA

(Address)

ADMINISTRATIVE REMEDY: INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**
When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

Inmate Name: Frankie T. Camacho  Reg. No. 80354-011

| | Date | Staff-Signature |
|---|---|---|
| Form Requested by inmate: | 07-29-2003 | L. Moori |
| Form Provided to inmate: | 07-29-2003 | L. Moori |

Inmate's complaint: Inmate is a Guam prisoner convicted and sentenced under the criminal law of the Territory of Guam. The United States took custody of Inmate, however, the laws of Guam control Inmates' criminal commitment and parole eligibility. Inmate has been attempting to get access (OVER)

Action taken to informally resolve complaint: The country of Guam will have to request the Bureau to send you back. You can write to Guam to make this request. The issues were discussed in your last program review.

INFORMAL RESOLUTION ACCEPTED BY:

Inmate's Signature: _____ Date:

Inmate Name (Printed): _____ Date:

Staff's Signature: _____ Date:

Staff Name and Title (Printed):

INFORMAL RESOLUTION REJECTED BY:

Inmate's Signature: Frankie T. Camacho Date: 8-4-03

Inmate's Name (Printed): Frankie T. Camacho Date: 8-4-03

Staff Signature: L. Moori Date: 8-4-03

Staff Name and Title (Printed): L. Moori

Date BP-9 Provided to Inmate: August 08 2003

---

to Guam law related to parole and post-conviction, however, the law library at USPA does not contain any Guam law applicable to Inmates' situation. The Guam law that is in USPA library is out-dated and insufficient.

Inmate has been writing letters to Guam officials' for over two years trying to get information about parole criteria, eligibility and more. Inmate was sentenced to 30 years under the old law and will have served twenty years next year. Surely the Inmate is not expected to serve the entire 30 years.

Inmate wants relief in the form of:

1. Contemporary Guam law;
2. Guam parole guidlines/criteria;
3. Specific Information from Guam officials' as to my release on parole;
4. Information on being transferred back to Guam if the Federal BOP can not provide me rights guaranteed under Guam law.

Respectfully,
Frankie T. Camacho
July 30, 2003

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*L.M. (8-4-03*

**REQUEST FOR ADMINISTRATIVE REMEDY**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: **Camacho, Frank**    **80354-011**    **D-1**    **USP, ATL**
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

### Part A- INMATE REQUEST

The response to informal resolution is not satisfactory. I have been "writing to Guam" for over two years without reply. The addresses to many Guam officials' in law library are worthless as out-dated. The BOP has custody of me and I have a right to know about my parole and custody status. I should have long ago been paroled. I request that BOP officials' contact Guam officals' and inform the latter that I want to go home, be released on parole or atleast given information as to my parole eligibility and how I can work towards that goal now. The Guam law in USPA law library is out-dated and does not provide me with the law and information I must have.

I will be filing a habeas corpus under §2241 after exhausting administrative remedies.

August 6, 2003           *Frankie T. Camacho*
DATE          SIGNATURE OF REQUESTER

### Part B- RESPONSE

_____     _____
DATE     WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

CASE NUMBER: _____

### Part C- RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

**B**

DATE     RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229(13)

## PART B-RESPONSE TO ADMINISTRATION REMEDY NO. 308056-F1

Inmate Name: Camacho, Frankie                               Reg. No. 80354-011

This is in response to your Administrative Remedy receipted August 18, 2003, wherein you allege Guam law materials need to be updated in the Law Library and the available materials do not provide viable information on Guam law.

Program Statement 1315.007, <u>Legal Activities</u> states, "Each Warden must establish a main law library containing the materials listed in the Required Main Law Library Materials, Attachment A, unless an item is out of print."

An investigation of this matter revealed in June 2003 an inventory was conducted of all required books for the law library, and all missing books were replaced. In addition, after reviewing the Required Main Law Library Materials list, no law materials from Guam are required to be in the Law Library.

Therefore, your Request for Administrative Remedy is denied. If dissatisfied with this response, you may submit an appeal on the appropriate form (Regional Administrative Remedy Appeal/BP-10) within 20 calendar days of the date of this response to the Southeast Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.

_____                              AUG 2 6 2003
R. Wiley, Warden                                             _____
                                                             Date



Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Camacho, Frankie**  **80354-011**  **D-1**  **U.S.P., Atlanta**
LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

### Part A—REASON FOR APPEAL

Contrary to the Warden's response, as reflected in BP-9, I do have a right to access Guam law. The Supreme Court has interpreted the US Const. as establishing a prisoners right to access the court via law materials. Bounds v. Smith, 430 US 817 (1977): Lewis v. Casey, 518 US 343 (1996). Pursuant to 18 USC §3244(1) Guam law has exclusive jurisdiction over any proceedings I may initiate to challenge my Guam conv. or sentence. Therefore, I must have access to Guam law to access the courts in order to challenge my Guam sentence and parole matters.

Also, the Warden's response does not adress my other concerns related to Guam and my parole matters which are the reason I filed the BP-8 to start with. If the USA can not accomidate me as a Guam transferee then I should be sent back to Guam.

At this time I have been, and continue to be, denied reasonable access to Guam Courts based on BOP and USPA's failure to contain Guam law and Guam officials addresses in the USPA law library.

9/6/03
DATE

/s/ Frankie T. Camacho
SIGNATURE OF REQUESTER

### Part B—RESPONSE

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: _____

### Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

SUBJECT:

Regional Administrative Remedy Appeal No: 308056-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 10, 2003. You allege you are being denied reasonable access to courts in the territory of Guam because the law library at the United States Penitentiary, Atlanta, Georgia, does not provide territory of Guam law. As relief, you request access to territory of Guam law.

Program Statement 1315.07, Legal Activities, Inmate, states, "Each Warden must establish a main law library containing the materials listed in the Required Main Law Library Materials (Attachment A), unless out of print." The territory of Guam law materials you requested are not required to be maintained in any Federal Bureau of Prisons' law library. However, this does not preclude you from soliciting or purchasing such materials from sources in accordance with Bureau policy and procedure.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, N.W., Washington D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_10/10/03_
Date

Regional Director, SERO

E

U.S. Department of Justice | Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __FRankie T. Camacho__   __80354011__   __D-1__   __USPA__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL

Inmate Recv'd response to BP-10 on 10/30/03 without any copies of BP-9 or previously submitted documents. (See attachment 4 copies)

The Regions response is unresponsive to Inmate's specific complaints as setforth in P-9 and BP-10. Contrary to the Regions position, Inmate does have a right to access the law of Guam. Bounds v. Smith, 430 US 817 (1977). Federal law states that Guam has exclusive jurisdiction over Guam prisoners challenges to conviction and sentence. 18 USC §3244(1). Therefore, this Inmate (a Guam prisoner) must have access to Guam law to access Guam Courts. Regardless of any BOP Policy that purports to allow BOP officials from providing Inmate access to necessary law books to access Guam Courts, the Supreme Court holds that this Inmate has a Constitutional Right to access Guam law. Therefore, the BOP PS 1315.07 which does not provide Guam law at USPA is patently unconstitutional.

Furthermore, the Regions Response fails to address Inmate's complaints regarding transfer back to Guam and being deprived proper parole review and information.    November 1, 2003    s. _____
     DATE                                                           SIGNATURE OF REQUESTER

Part B—RESPONSE

_____     _____
      DATE                GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

Part C—RECEIPT
                                      CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTIT

SUBJECT: _____

_____     _____
    DATE              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)

Administrative Remedy No. 308056-A1
Part B-Response

This is in response to your Central Office Administrative Remedy in which you request access to Guam Territory law materials in the Law Library. In addition, you request a transfer back to Guam and to be provided with proper parole review information.

Our review reveals that the Warden and Regional Director have adequately responded to the issues you raised. Program Statement 1315.07, *Legal Activities*, states the Bureau is not mandated to provide state case law and other state legal materials. As noted in your response from the Regional Director, law materials you requested from the Territory of Guam are not required to be maintained in the Bureau Of Prisons' Law Library. This however, does not preclude you from soliciting or purchasing such materials from sources in accordance with Bureau policy and procedures.

You were informed in your Administrative Remedy Informal Resolution Form that the Territory of Guam will have to request the Bureau Of Prisons to send you back. In addition, you were informed you could write to Territory of Guam officials and make this request. Accordingly, your appeal is denied.

January 6, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals