IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM TERRITORY

FILED
DISTRICT COURT OF GUAM
NOV 29 2005
MARY L.M. MORAN
CLERK OF COURT

FRANKIE T. CAMACHO, §
Plaintiff, Pro Se, § Civil Action NO: 05-CV-00007
§
--versus-- §
§
GUAM TERRITORY; ROBERT CAMACHO, §
Commissioner of Corrections,
Guam Territory; MIKE QUINATA, § SECOND AMENDED COMPLAINT
Chief Parole Commissioner,
Guam Territory; GIL QUINANTA, §
Parole Officer; LINDA CHARSAUROS,
Guam Parole Officer; JOE AFISEN, §
Guam Case Worker; and JANE and
JOHN DOES, Guam Parole Officials, §

Defendants. §

COMES NOW, Frankie T. Camacho, the plaintiff pro se in the above-styled civil action, and hereby submits this SECOND AMENDED COMPLAINT in compliance with the District Court's Order entered September 28, 2005, instructing Plaintiff to file his second amended complaint. (Dk#9). Plaintiff filed for enlargment of time to file amended complaint entered October 26, 2005. (Dk#13).

## I. JURISDICTION

This Court has proper subject matter and personal jurisdiction of parties pursuant to 28 U.S.C. §1983 and §1331.

## II. PARTIES TO ACTION

1. Plaintiff, FRANKIE T. CAMACHO, is a Guam prisoner serving his sentence in the U.S. Prison system presently housed at the U.S. Penitentiary, Atlanta, Georgia. Plaintiff has been in the U.S. prison system for over twenty years.

2. Defendant, ROBERT CAMACHO, is the Commissioner for the Guam

Department of Corrections, he is sued in his official and individual capacities;

3. Defendant MIKE QUINATA, is the Chief Parole Commissioner for the Territory of Guam, he is sued in his official and individual capacities;

4. Defendant GIL QUINANTA, is a Guam Territory Parole offical who is sued in his official and individual capacities;

5. Defendant LINDA CHARSAUROS, is a Guam Parole Official and she is sued in her official and individual capacities;

6. Defendant JOE AFISEN, is a Guam Case Worker purported to be assigned to Plaintiff's case. He is sued in both his official and individual capacities;

7. Defendants JANE and JOHN DOES are various Guam Parole and DOC officials whose names are not yet known by the plaintiff. They are sued in their individual and official capacities as Guam officials. Once their names are ascertan by the Plaintiff there will be appropriate amendments to complaint sought.

### III. FACTUAL AVERMENTS

8. Plaintiff was convicted of robbery in Guam Territory in and sentenced to 30 years by the Guam Court. In 1987 the plaintiff was transferred to the U.S. Prison system pursuant to agreement between U.S. officials and Guam.

9. The prison where Plaintiff is housed does not have any Guam law books or other materials for Plaintiff to effectively access the Guam Territory Courts to challenge the legality of his continued confinement to U.S. prison or his criminal case.

10. Plaintiff was supposed to be eligible for parole after service of 1/3 of his term of impriosonment, however, the date scheduled by Guam officials was Janurary 2004. Plaintiff was not considered for parole in January 2004.

11. In or about March or April 2005, Guam officials claim to have considered Plaintiff for parole.

12. On or about April 2005, Plaintiff contacted defendant CHARSAUROS via telephone and was informed by defendant that the Guam parole board/commission denied plaintiff's application for parole despite Plaintiff's demand to be present.

13. Defendant CHARSAUROS stated that she would forward the Parole Commission's decision for plaintiff, however plaintiff has never recieved such and was denied any appellate review of the Parole Commission's decision--assuming that an appeal could be taken.

14. Since being transferred to the U.S. Plaintiff has not been provided any assistance from Guam Territory officials that would allow Plaintiff to effectively access Guam Territory Courts and contact Guam Officials.

15. Plaintiff had a right to be present at his Guam Parole hearing but was refused that right due to what defendant CHARSAUROS stated was financial reasons.

16. Plaintiff filed a Guam Territory post-conviction petition almost 3-years ago (Case #SP-0218-03) which has lingered in the Guam Courts without action and Pliantiff is helpless to take judicial action because plaintiff does not have access to any Guam law or officials' addresses.

17. Plaintiff has for all intents and purposes been abandoned

-3-
Case 1:05-cv-00007    Document 19    Filed 11/29/2005    Page 3 of 9

by Guam Territory officials by denying Plaintiff rights and privilages he is entitled to under Guam laws.

18. Guam officials will not provide Plaintiff with information and services that Plaintiff must have to assert his rights. For example, Guam officials refuse to even send Plaintiff the Guam Parole Commission's decision denying him parole, or provide Plaintiff with notice of his rights under Guam laws in regards to parole hearings and eligibility.

19. Plaintiff has attempted to contact Guam officials and challenge his transfer and continued housing in U.S. prisons, but Guam officials (including but not limited to defendants CAMACHO, MIKE and GIL QUINANTA and JOE AFISEN) refuse to do anything to assist Plaintiff.

20. Plaintiff has filed habeas corpus actions in both the U.S. District Courts for Northern District of Georgia under 28 USC §2241 (Case No. unknown    ), and in the U.S. District Court for Guam (Case No. 05-00009). Both actions have been summarily dismissed because the Courts hold that Plaintiff must take his legal actions to Guam Territory (state) courts. However, Plaintiff can not access those courts w/out Guam law books and cooperative Guam officials.

21. Defendant CAMACHO refuses to provide Plaintiff with any Guam law books, Guam DOC Policies, and/or Guam Parole Guidlines and Regulations that would apprise plaintiff of his legal rights.

22. The U.S. Government's position is that Guam Territory officials are responsible for making Guam law materials

-4-

available to Plaintiff. This position was expressly made during litigation of Plaintiff §2241 habeas case in N.D. Georgia and Plaintiff's pending civil rights complaint in the N.D. Georgia. (Case No. unknown           ).

23. Defendant JOE AFISEN is purportedly assigned to be plaintiff's Case Worker, however, the plaintiff has never heard from defendant AFISEN nor has the defendant responded to any of the Plaintiff's letters mailed to Guam DOC in attention of defendant AFISEN. Not knowing what his rights and privilages are due to inability to access Guam regulations and policies governing the housing of Guam prisoners in U.S. prisons, the Plaintiff does not have any idea what defendant AFISEN's obligation and duties to plaintiff might be, however, defendant AFISEN has done absolutley nothing in regards to being Plaintiff's "Case Worker".

24. Defendants MIKE and GIL QUINATA have intentionally denied Plaintiff his rights to access Guam law and have deliberately used their positions as Guam Parole Officials to deprive the Plaintiff of his right to a timely parole hearing and other rights related to Plaintiff's parole eligibility and desire to be returned to his homeland.

25. Plaintiff's Casemanager in the U.S. Prison system claim she can not do anything to help Plaintiff without the complete cooperation from Guam officials. U.S. Prison officials have repeatedly sent Guam officials documents and inquiries related to Plaintiff which are not acted upon by Guam officials.

26. Plaintiff wants to return to Guam Territory to finish his time or do his parole, but Defendants CAMACHO, MIKE and GIL

-5-

QUINATA, CARSAUROS, AFISEN, and other Guam officials have and continue to deny Plaintiff any remedy to seek return to Guam or challenge the Guam Parole Comission's decision to deny the Plaintiff parole.

27. The Plaintiff can not properly and effectively access the Guam courts without first having access to Guam law that will apprise Plaintiff of his rights and privilages and provide him with available remedies to seek judicial review when denied certain rights and privilages.

28. Plaintiff has been told by fellow Guam prisoners that he is entitled to work-release, half-way house, supervised foughlows, educational release, and other Guam DOC programs that are not being made available to Plaintiff--who, on the other hand must remain housed in maximum security U.S. Prisons due to his being a prisoner from Guam with hold on him.

29. Plaintiff has essentially been dumped on the U.S. prison system--which claims no obligation to Plaintiff aside from food and shelter--and forgotten about by Guam officials who have a legal obligation to provide Plaintiff with certain rights and privilages that have, and continue to be denied the plaintiff by defendants named and unnamed.

## IV. CONDITIONS PRECEDENT

30. Plaintiff has exhausted all of the available administrative remedies by exhausting the Bureau of Prison's Administrative remedy process. Specifcally, Plaintiff filed a BP-8, BP-9, BP-10, and BP-11 to the BOP's Central Office.

31. Plaintiff can not access any available Gaum administrative remedies becuase Guam officials will not respond to any of

Plaintiff's correspondences which have requested information as to Guam administrative procedures.

## V. CAUSE OF ACTION/CLAIMS FOR JUSTICE

32. The acts and omissions by defendants setforth above in paragraphs 8-29 violated and continue to violate the Plaintiff's U.S. Constitutional Rights under the 1st, 5th, 6th, and 14th Amendments. Specifically, Plaintiff's right to access the Court, redress for grievance, be timely considered for parole, and guaranteed Due Process of the law as setforth under the U.S. and Guam Territory Constitutions.

33. Defendant CAMACHO's refusal to provide Plaintiff with access to Guam law books or the rights and privilages that all Guam prisoners are entitled to violates Plaintiff's 1st Amendment right to access the Court; his 5th Amendment Rights to Due Process of Law; his 14th Amendment Right to Equal and Fair treatment.

34. Defendant MIKE QUINATA's acts and omissions in failing to preform his duty by having Plaintiff timely reviewed by the Guam Parole Commission and provide Plaintiff with access to the Parole Commission's Rules and Regulations, and further denied Plaintiff's request and right to be present at his Guam Parole hearing, and finally refuse to forward the Parole Commission's decision to Plaintiff and allow for appeal of that decision.

35. Defendant GIL QUINATA's acts and omissions in failing to preform his official duties and useing that position to violate plaintiff's rights violates the 1st, 5th, 6th, and 14th Amendments to the U.S. Constitution.

-7-

36. Defendant CHARSAUROS acts and omissions in failing to preform her duties by making sure that Plaintiff's rights were protected under Guam Parole laws. Refusing to release to Pliantiff the Guam Parole Commission's decision, failure to have Plaintiff personally appear at parole hearing as demaned by plaintiff, and using lack of pecuniary recources to deprive plaintiff of his rights and privilages guaranteed all Guam prisoners.

37. Defendant AFISEN's complete abducation of his duties and obligations to the Plaintiff violate Plaintiff's 1st, 5th, 6th, and 14th Amendment Rights insomuch as this defendant's duty is to ensure that Plaintiff is provided with rights and privilages guaranteed other Guam prisoners.

38. Defendants JANE and JOHN DOES acts and omissions in depriving plaintiff of his Rights violates the 1st, 5th, 6th, and 14th Amendments to the U.S. Constitution.

## VI. RELEIF REQUESTED.

A. Jury Trial;
B. Comprehensive Discovery;
C. Appointment of Counsel;
D. Order Directing Clerk of Court, Guam District Court, to forward a copy of the Local Rules of Court;
E. Declaratory Judgment Declaring the following:
   1. U.S. held Guam Prisoners are entitled to all rights and privilages affored prisoners held in Guam;
   2. that denying U.S. held Guam prisoners Guam law violates the U.S. Constitutional right to access the Courts;
   3. that U.S. held Guam prisoners are entitled to personally attend thier Guam parole hearings;
   4. that the defendants have certain duties to preform and jobs to do and should preform those duties;

-8-

F. Injunctive relief; as follows:
1. Order defendants to immediately return Plaintiff to Guam Territory prison system;
2. Alternatively, Order defendant to immediately make available to Plaintiff Guam lawbooks;
3. Order defendants to privide Plaintiff with any and all rights and privilages granted to Guam prisoners serving sentence in Guam Territory;

G. Compesatory damages in the amount of $1,000,000.00 against each defendant named and unnamed;

H. Punitive award in the amount of $1,000,000.00 against each defendant named and unnamed;

I. Nominal award of one dollar; and,

J. Any other relief this Honorbale Court deems just and proper under these circumstances.

Respectfully prayed for this 15th day of November, 2005.

_____
Frankie T. Camacho
Plaintiff, Pro Se


Affirmation of Truth

I, Frankie T. Camacho do hereby state under penalty of perjury under 28 USC §1746 that I have read the foregoing and state that it is true and correct to the best of my ability.

Sworn to this 15th day of November, 2005.

_____
Frankie T. Camacho
Plaintiff, Pro Se

-9-