Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910   USA
(671) 475-3324     (671) 472-2493 (Fax)
www.guamattorneygeneral.com     guamattorneygeneral@hotmail

Attorneys for the Government of Guam

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| FRANKIE T. CAMACHO, | CIVIL ACTION NO. 05-CV-00007 |
| vs. | |
| GUAM TERRITORY; ROBERT CAMACHO, Commissioner of Corrections, Guam Territory; MIKE QUINATA, Chief Parole Commissioner, Guam Territory; GIL QUINATA, Parole Officer; LINDA CHARSAUROS, Guam Parole Officer; JOE AFISEN, Guam Case Worker; and JANE and JOHN DOES, Guam Parole Officials, | ANSWER TO SECOND AMENDED COMPLAINT |
| Defendants. | |

Defendants Government of Guam, Robert Camacho, Mike Quinata, Gil Quinata, Linda Charfauros, and Joe Afaisen answer the complaint herein as follows:

1.   Admit paragraph 1, that plaintiff is a Guam prisoner serving his sentence in the United States prison system.

Page 1
Answer to Second Amended Complaint
Civil Action No. 05-CV-00007.

ORIGINAL

Case 1:05-cv-00007   Document 20   Filed 02/06/2006   Page 1 of 7

2. Admit paragraph 2, that Robert Camacho is the Director of the Guam Department of Corrections.

3. Admit paragraph 3, that Mke Quinata is the Chief Parole Officer of the Guam Department of Corrections.

4. Admit paragraph 4, that Gil Quinata is a parole officer of the Guam Department of Corrections.

5. Admit paragraph 5, that Linda Charfarous was a parole officer; but avers that she is no longer so employed.

6. Admit paragraph 6, that Joe Afaisen is a case worker at the Guam Department of Corrections, who is assigned to plaintiff's case.

7. Deny paragraph 7.

8. Admit paragraph 8, that plaintiff was convicted of robbery on Guam and sentenced to 30 years imprisonment; and that in 1987 he was transferred to the U.S. prison system pursuant to an agreement between federal and Guam officials.

9. Defendants are without information or belief whether plaintiff has access to Guam law books or other such materials, and therefore deny the allegations of paragraph 9.

10. Defendants deny paragraph 10, and aver that plaintiff was never eligible for parole until he had served 2/3 of his 30 year sentence. Defendants admit that plaintiff's first parole eligibility date was in January, 2004.

11. Defendants admit paragraph 11, and aver that plaintiff was considered for parole on April 27, 2005; and that he was denied parole.

12. Defendants admit paragraph 12, that plaintiff was advised via telephone, in or about April of 2005, that he had been denied parole.

13. Defendants are without information or belief as to whether plaintiff received a copy of the parole board's decision denying him parole prior to the filing of his Second Amended Complaint; but aver that since that time, a copy of the decision has been mailed to him.

14. Defendants deny paragraph 14, that plaintiff has not been provided any assistance from Guam officials that would allow him to effectively access Guam courts and Guam officials.

15. Answering paragraph 15, defendants deny that plaintiff had an absolute right to be present at his Guam parole hearing. Defendants admit that financial constraints do inhibit their ability to accommodate plaintiff's request to be personally present at his parole hearings.

16. Defendants admit paragraph 16, that plaintiff filed Guam Superior Court Case No. SP218-03, a habeas corpus action in which he likewise complained of his not having had a parole hearing.

17. Defendants deny paragraph 17, that plaintiff has for all intents and purposes been abandoned by Guam officials, and that they have denied plaintiff of rights and privileges he is entitled to under Guam law.

18. Defendants deny paragraph 18, that they will not provide plaintiff with information and services that he must have to assert his rights, including his right to parole.

19. Defendants deny paragraph 19, that they refuse to do anything to assist him regarding his inquiries.

20. Defendants admit paragraph 20, that plaintiff has filed habeas corpus actions that have been dismissed. Defendants deny the allegation that they refuse to cooperate with plaintiff.

21. Defendants deny the allegation of paragraph 21, that defendant Camacho refuses to provide plaintiff with necessary and appropriate information apprising him of his legal rights.

22. Answering paragraph 22, defendants are without information or belief as to the U.S. Government's position regarding making Guam law materials available to plaintiff.

23. Answering paragraph 23, defendants deny that defendant Afaisen has breached any duties or obligations owed to plaintiff.

24. Answering paragraph 24, defendants deny that defendants Mike Quinata and Gil Quinata have intentionally denied plaintiff any rights.

25. Answering paragraph 25, defendants are without information and belief as to what plaintiff's case manager in the U.S. prison system, or other officials there, claim they can or cannot do for him.

26. Answering paragraph 26, Defendants admit that plaintiff wants to return to Guam to finish his sentence or do his parole, and deny that they have denied him, or continue to, deny him, any rights.

27. Answering paragraph 27, defendants admit only that it speaks for itself that plaintiff cannot properly and effectively access Guam courts without having access to Guam law; but deny any implied assertion that defendants are denying plaintiff access to Guam law.

28. Answering paragraph 28, defendants are without information and belief as to what fellow Guam prisoners may have told plaintiff, but admit that plaintiff might be eligible for, although not entitled to, the programs mentioned in this paragraph.

29. Answering paragraph 29, defendants deny that they have essentially dumped plaintiff on the U.S. prison system and forgotten about him and denied him any rights and privileges.

30. Answering paragraph 30, defendants are without information and belief as to whether plaintiff has exhausted any and all administrative remedies; but do not deny plaintiff's allegations of what BOP administrative remedies he has exhausted.

31. Answering paragraph 31, defendants deny that they will not respond to plaintiff's correspondence, and deny have denied plaintiff access to any available Guam administrative remedies.

32. Defendants deny paragraph 32.

33. Defendants deny paragraph 33.

34. Defendants deny paragraph 34.

35. Defendants deny paragraph 35.

36. Defendants deny paragraph 36.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38.

Defendants assert the following affirmative defenses to all claims made by plaintiff:

1. The Government of Guam and its officers acting in their official capacities are immune from liability under 42 U.S.C. §1983.

2. The defendants sued in their individual capacities are entitled to qualified immunity.

3. The defendants sued in their individual capacities are entitled to absolute immunity for actions taken in their quasi judicial roles.

4. Guam did not have enough appointed parole board members to constitute a quorum for parole board hearings from April, 2004, through February, 2005; and so the defendants were unable to schedule plaintiff a parole board hearing during that time frame.

5. A parole hearing was held for plaintiff on April 27, 2005, and he was denied parole.

6. Since the filing of his Second Amended Complaint, Plaintiff has been sent his parole denial decision, from his April, 27, 2005 parole board hearing.

7. Plaintiff has no constitutionally protected right to be physically present for his parole board hearings.

8. Plaintiff has no constitutionally protected right to be brought back to Guam to serve the remainder of his prison term; whether to have that done is a discretionary administrative decision of Government of Guam officials.

/ / / / /

/ / / / /

/ / / / /

9. The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants pray that the complaint be dismissed, and for such other relief as the court deems just and equitable.

Dated this 3rd day of February, 2006.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

*William C. Bischoff* (signature)
WILLIAM C. BISCHOFF
Assistant Attorney General
Attorneys for defendants Government of Guam,
  Robert Camacho, Mike Quinata, Gil Quinata,
  Linda Charfarous, and Joe Afaisen