# FILED

DISTRICT COURT OF GUAM

MAR - 7 2006 ᵠᵖ

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

FRANKIE T. CAMACHO,

    Plaintiff,

vs.

GUAM TERRITORY, et. al.

    Defendants.

Civil Case No. 05-00007

**ORDER**

Frankie T. Camacho ("Camacho"), a state prisoner proceeding *pro se*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. Camacho claims the defendants have violated his constitutional rights. *See* Docket No. 19. However, the Court must screen Camacho's complaint, and must dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[2]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Camacho's burden, as the plaintiff, to

---

[1] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl,* 254 F.3d 845 (9th Cir.2001) (subsection (iii) requires "dismissal of *in forma pauperis* proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir.1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[2] *See Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951, 953 (4th Cir.1995) (en banc), *cert. denied,* 116 S.Ct. 1273 (1996), following *Neitzke v. Williams,* 490 U.S. 319, 324-328 (1989).

ORIGINAL

show that this Court has jurisdiction to hear the claims.[3] "To sustain a claim under § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[4] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[5]

In conducting its review of Camacho's complaint, the Court is mindful that it must liberally construe all of his pleadings and give him the benefit of any doubt.[6] Before a court may dismiss Camacho's complaint for failure to state a claim upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[7] In this case, Camacho has amended his complaint on two occasions. The Court finds that any further amendment would be futile. *See* Docket Nos. 6 and 19.

### *Habeas Corpus Remedy*

Camacho alleges that the defendants violated his constitutional rights by transferring him off-island, failing to timely consider him for parole and failing to provide him with due process at his parole hearing (by not providing him with access to Guam Law or securing his presence at the hearing itself) resulting in the denial of his parole.

---

[3] *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994); *Hunter v. Kalt,* 66 F.3d 1002, 1005 (9th Cir.1995).

[4] *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990)(citations omitted).

[5] *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

[6] *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) ( "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.... Additionally, in general, courts must construe *pro se* pleadings liberally."); *Frost v. Symington,* 197 F.3d 348, 352 (9th Cir.1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir.1996).

[7] *See Schmier v. U.S. Court of Appeals for Ninth Circuit,* 279 F.3d 817, 824 (9th Cir.2002) ("Futility of amendment ... frequently means that "it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement."") (citations excluded); *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir.1987); *see also Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996)").

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[8] Further, "[t]he fact that [a plaintiff] seeks money damages ... as a remedy does not alter this conclusion." *Butterfield v. Bail,* 120 F.3d 1023, 1025 (9th Cir.1997). As the Supreme Court has explained, if a plaintiff's claim "for declaratory relief and money damages ... necessarily [implies] the invalidity of the punishment imposed, [it] is not cognizable under § 1983." *Edwards v. Balisok,* 117 S.Ct. 1584, 1589 (1997).

Camacho's assertions are in effect, a challenge to the fact or duration of his confinement and as such necessarily implicate the validity of his continued confinement. *See Butterfield,* 120 F.3d at 1024 (9th Cir.1997).

> Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits.

*Id.* The Court in *Butterfield* also recognized that a due process challenge to parole procedures implicates the validity of continued confinement, even when a prisoner is not challenging the validity of his conviction and must be brought in a writ of habeas corpus. *Id.*

Therefore, since Camacho is effectively challenging the fact or duration of his confinement, he should file a petition for writ of habeas corpus, after fully exhausting his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). [9]

---

[8] *Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *Cunningham v.. Gates,* 312 F.3d 1148, 1153 (9th Cir.2002), quoting Heck, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); *see also Martin v. Sias,* 88 F.3d 774 (9th Cir.1996), extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions.

[9] The Court notes that Camacho previously filed a writ of habeas corpus contemporaneously with this action pursuant to 28 U.S.C. § 2241. *See* CV 05-00009. The Court construed the matter as being more properly brought under 28 U.S.C. § 2254. The petition was subsequently dismissed for failure to exhaust state judicial remedies under 28 U.S.C. § 2254(b)(1). *See* Order filed September 27, 2005 in CV 05-00009, Docket No. 3.

1     **IT IS HEREBY ORDERED** that this case is DISMISSED for failure to state a claim

2 under 42 U.S.C. § 1983, without prejudice to filing a petition for habeas corpus under 28 U.S.C.

3 § 2254, after all issues that Camacho wishes to raise are exhausted in state court by presentation

4 first to the Superior Court of Guam then, if Camacho is unhappy with that result, to the Guam

5 Supreme Court.[10]

6

7     Dated this ⁊ᵗʰ day of March, 2006.

8

9

10                                _____

11                                JAMES L. ROBART[*]
                               **United States District Judge**

12

13

14

15

16

17

18

19

20

21

---

22     [10] *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Peterson v. Lampert,* 319 F.3d 1153, 1155-56 (9th

23 Cir.2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court.... A petitioner must exhaust his state remedies by reaching the point where he has no state

24 remedies available to him at the time he files his federal habeas petition."); Reutter v. Crandel, 109 F.3d 575, 577 (9th Cir.), *cert. denied,* 118 S.Ct. 142 (1997) ("Only if the state courts have had the first opportunity to hear the

25 claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies") (quoting Picard v. Connor, 404 U.S. 270 (1971)); *Zichko v. Idaho.* 247 F.3d 1015, 1022 (9th Cir.2001)

26 ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").

27

28     [*] The Honorable James L. Robart, United States District Judge for Western Washington, by designation.